

# JACOBS PC

August 16, 2023

<u>*Via NYSCEF and Email (jmm_hearings@nyeb.uscourts.gov)*</u>
Hon. Jil Mazer-Marino
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

**Re:    In re: Yeshiva Gedola Lubavitch Inc. (Case No. 23-42923)**

Dear Judge Mazer-Marino,

    We represent Yeshiva Gedola Lubavitch Inc. (the "Debtor") in the above referenced case. We write with an exigent need for Your Honor's intervention. Specifically, we request an order (1) to enforce the automatic stay to compel the removal of access impediments at the Debtor's property located at 92-15 69th Avenue, Forest Hills, NY 11375 (the "Property") in time for the school year to begin on Monday, August 21, 2023, and (2) to impose sanctions in light of a current, ongoing and flagrant disregard of the automatic stay and preemption of the Marshal's eviction proceedings.

    By way of background, in a landlord-tenant action regarding the Property,[1] the Civil Court of the City of New York, County of Queens issued warrants of eviction. In accordance therewith, a sign posted at the Property by the Office of the Marshal indicated that the eviction will take place on August 18, 2023 (the "Eviction Date").

    Ahead of the Eviction Date, and without warning to the Debtor or the other Tenants at the Property, the Landlord and/or its agents boarded up windows and changed locks even though they had no right to do so in law or equity. *See* Exhibit A. In addition, the Landlord and/or its agents have further blockaded the premises from the Tenants to enter and peaceably engage in their commercial activity, namely, running a Yeshiva that has approximately 80 rabbinical students who are preparing to become the Rabbis of the world.[2]

    On August 16, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The automatic stay is therefore currently in effect. We informed the Landlord's counsel, Ms. Yifat Schnur, of the stay to no avail—access impediments remain at the Property, and a representative of the Debtor was escorted off of the Property by local police earlier today.

---

[1] *Shaarei Torah (the "Landlord") v. Mendel Hendel, Menachem Mendel Shagalov, Congregation Ohr Menachem aka Yeshiva Gedola Lubavitch, "John" "Doe," and "Jane" "Doe" (collectively, the "Tenants")* (Index Number: LT-077973-18/QU).

[2] For further information regarding the Yeshiva, see the Rule 1007 Statement filed by the Debtor at Dkt. No. 2 (and note that an amended Statement will be filed soon).

We therefore ask this Court to enforce the stay to remediate the Landlord's illicit actions, so that the Debtor may peaceably exist and engage in its commercial activity. There is no dispute that the Debtor has a possessory right in the Property given that it has not been evicted[3] and that the automatic stay is in effect. At bottom, it is the right of this Court, not the Landlord or its agents, or its attorney to decide the equitable principles of the Debtor at this time.[4]

Additionally, we ask this court to sanction the conduct of the Landlord as it flagrantly abrogated the equitable rights of a Tenant, which is now a chapter 11 Debtor, by violating the automatic stay and preempting the Marshal.

Please note that we are preparing a motion and we are amenable to a telephonic conference with all parties regarding these matters in the meantime.

Finally, please let me re-emphasize that time is of the essence as the school year is scheduled to begin this coming Monday.

Sincerely,

Leo Jacobs

Cc: Yifat Schnur, Esq. (email: Yvlslaw@gmail.com)
Office of the City Marshal, Mr. Justin Grossman (email: marshalgrossmanstaff@gmail.com)
Wayne Greenwald, Esq. (email: Wayne@jacobspc.com)

Enclosures.

---

[3] We have informed the Office of the Marshal of the Debtor's bankruptcy filing, and the Marshal has confirmed that the eviction of the Property "has been removed from the schedule." See Exhibit B.

[4] Of note, the undersigned, to amicably resolve the underlying landlord-tenant dispute and avoid recourse to the automatic stay, engaged in settlement negotiations with Ms. Schnur (the substance of which is not admissible here pursuant to CPLR 4547, as Your Honor is aware).